[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13462
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20370-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

WILLIE DIXON,
a.k.a. Smack,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 18, 2015)

Before WILSON, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

The government appeals Willie Dixon's 27-month sentence, imposed after he pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court held that Dixon's prior conviction for burglary of an unoccupied dwelling under Fla. Stat. § 810.02(3)(b) was not a "crime of violence" within the meaning of U.S.S.G. § 4B1.2(a)(2) and thus could not be used to calculate Dixon's base level offense under U.S.S.G. § 2K2.1. The government challenges this finding, asserting Dixon's burglary conviction is a crime of violence under the "residual clause" of U.S.S.G. § 4B1.2(a)(2). In response, Dixon argues the residual clause is unconstitutionally vague and, even if the clause is constitutional, the conviction is not a crime of violence under the clause.

We recently addressed this exact issue in *United States v. Matchett*, No. 14-10396, __ F.3d __ (11th Cir. 2015). *Matchett* held the residual clause of U.S.S.G. § 4B1.2(a)(2) is constitutional and that burglary of an unoccupied dwelling under Fla. Stat. § 810.02(3)(b) falls within the scope of the clause.[1] *Matchett*, No. 14-10396, at *8–*9. Accordingly, the district court erred in finding Dixon's burglary conviction was not a crime of violence under U.S.S.G. § 4B1.2(a)(2). We

---

[1] In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held the residual clause of the Armed Career Criminal Act (ACCA) is unconstitutionally vague. We interpret the ACCA's residual clause "in the same manner as we interpret" the residual clause in U.S.S.G. § 4B1.2(a)(2). *Matchett*, No. 14-10396, at *6. As such, relying on *Johnson*, the defendant in *Matchett* argued the residual clause of U.S.S.G. § 4B1.2(a)(2) is unconstitutional. We rejected this argument. *Matchett*, No. 14-10396, at *8.

therefore vacate Dixon's sentence and remand for proceedings consistent with this opinion.

**VACATED AND REMANDED.**